UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DEBORAH THOMAS,

      Plaintiff,

v.

                                           No. 5:18-cv-1153-JKP

GOVERNMENT PERSONNEL
MUTUAL LIFE INSURANCE
COMPANY

      Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Government Personnel Mutual Life Insurance Company's ("Mutual Life") Motion for Summary Judgment (ECF No. 20). Plaintiff Deborah Thomas ("Thomas") responded to the motion (ECF No. 23) and Mutual Life replied (ECF No. 24). After due consideration, the Court concludes Mutual Life's Motion for Summary Judgment shall be denied.

## BACKGROUND

This dispute arises out of a life insurance policy (the "Policy") Mutual Life issued to Michael Thomas ("Michael"), insuring his life in the amount of $632,000. Mutual Life issued the Policy on December 15, 2015. Michael died on December 25, 2016. Thomas, as beneficiary, submitted claim documents to Mutual Life on January 17, 2017. Because the Policy had been in force fewer than two years at the time of Michael's death, Mutual Life conducted a contestability review. On June 1, 2017, Mutual Life denied the claim because Michael failed to disclose: (1) a 2015 hospitalization for shortness of breath; (2) diagnosis or treatment for a disorder of the respiratory system; (3) a weight change of ten or more pounds within the year prior to his

application. Mutual Life reaffirmed its decision on October 16, 2018, denying the claim for the same reasons. *See* ECF Nos. 1 at 2-5; 20 at 1-3.

Thomas initiated this action on November 2, 2018, bringing causes of action for breach of contract, detrimental reliance, and breach of the covenant of good faith and fair dealing. ECF No. 1. Thomas alleges at the time it issued the Policy, Mutual Life had notice or knew of Michael's history of shortness of breath, his weight loss, and that an inhaler had been prescribed to him and, after assessing these and other risks, it issued the Policy. *Id.* at 5. Mutual Life moves for summary judgment arguing it is entitled to prevail as a matter of law because there is no dispute Michael made material misrepresentations on his application. ECF No. 20.

## LEGAL STANDARDS

The Court will grant summary judgment if the record shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate competent summary judgment evidence "showing that there is a genuine [dispute] for trial." *Adams*, 465 F.3d at 164;

*Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). The parties may satisfy their respective burdens by "tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The court need only consider cited materials. Fed. R. Civ. P. 56(c)(3). It is not the court's burden to comb through the record to determine whether a genuine dispute of material fact exists. *Jones v. Sheehan, Young & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir. 1996).

When ruling on a motion for summary judgment, the Court views all facts and inferences in the light most favorable to the nonmoving party and resolves all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods.*, *Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Because the life insurance contract was entered into in Maryland, the parties agree Maryland law controls. ECF Nos. 20 at 8; 23 at 7. Section 12-207 of the Maryland Insurance Code provides that a misrepresentation or incorrect statement does not prevent recovery under a policy unless:

> (1) the misrepresentation, omission, concealment, or statement is fraudulent or material to the acceptance of the risk or to the hazard that the insurer assumes; or
>
> (2) if the correct facts had been made known to the insurer, as required by the application for the policy or contract or otherwise, the insurer in good faith would not have:
>
> (i) issued, reinstated, or renewed the policy or contract;
>
> (ii) issued the policy or contract in as large an amount or at the same premium or rate; or
>
> (iii) provided coverage with respect to the hazard resulting in the loss.

Md. Ins. Code § 12-207.

Under Maryland law, "a material misrepresentation on an insurance policy application justifies the rescission of a policy issued on the basis of that application." *Certain Underwriters at Lloyd's v. Cohen*, 785 F.3d 886, 890 (4th Cir. 2015). "To decide whether an insurer has validly rescinded a policy, a court must first determine whether the policyholder made a [misrepresentation] on the application." *Id*. "If so, a court then considers whether the [misrepresentation] was material to the risk assumed by the insurer." *Id*. "Ordinarily and generally, whether a representation is true or false, or material to the risk, is for the jury to determine, but when the insurer demonstrates falsity and materiality by uncontradicted or clear and convincing evidence, the question may be one of law." *Id*. (alteration and citations omitted).

## DISCUSSION

Based upon the undisputed facts, Mutual Life contends it is entitled to summary judgment as a matter of law under both parts of the Maryland statute. With regard to § 12-207(1), Mutual Life contends Michael misrepresented a significant weight loss and treatment for respiratory illness in his application and paramedical examination, and the misrepresentations were material. With regard to § 12-207(2), Mutual Life contends had it known the correct facts, it would not have issued the Policy. ECF No. 20.

**1. Section 12-207(1): Misrepresentation**

During the application process, Michael stated that in the past ten years he had not been diagnosed or treated for persistent cough, nor any infection or other disorder of the respiratory system. He also stated his weight had not changed by ten pounds or more in the year preceding the application he signed November 10, 2015. *See* ECF Nos. 20-1 at 5-6; 20-2 at 2, 5. Thomas does not dispute Mutual Life's contention that Michael made misrepresentations during the

4

application process. Therefore, there is no genuine dispute of material fact that Michael made

misrepresentations. The issue is whether these undisputed misrepresentations entitle Mutual Life

to summary judgment as a matter of law.

**2. Section 12-207(1): Materiality**

Mutual Life argues it is entitled to summary judgment as a matter of law because the

undisputed misrepresentations made by Michael were material. Mutual Life does not point the

court to specific evidence of materiality in the record, stating only: "As shown through the

Exhibits attached hereto, the evidence of the materiality is uncontradicted, clear and convincing."

ECF No. 20 at 11.

A misrepresentation is not material simply because a party says it is. At summary

judgment, the movant establishes materiality by identifying the uncontradicted or clear and

convincing evidence with specific cites to the record. *Lloyd's*, 785 F.3d at 890; Md. Ins. Code §

12-207.

For example, in *Jackson v. Hartford Life & Annuity Ins. Co*., on the application for life

insurance, the insured responded he had not consulted with, nor been treated or examined by a

physician or practitioner and he had not, in the preceding five years, been convicted of, or

pleaded guilty or no contest to, a felony. 201 F. Supp. 2d 506, 513 (D. Md. May 15, 2002). The

insurance company denied payment when their post-mortem investigation revealed the insured

previously received medical treatment for a gunshot wound (he also died of a gunshot wound)

and he was on probation at the time he applied for life insurance. *Id*. The court found the

omission with respect to having been examined by a physician was not material because it was

not clear how that information "may reasonably have affected the determination of the

acceptability of the risk." *Id*. at 513. Therefore, the insurance company "failed to show through

uncontradicted or clear and convincing evidence" the omission regarding the previous gunshot wound was a material misrepresentation. *Id.* at 514.

With respect to the insured's omission of his felony record, the evidence showed the insurance company's underwriters were directed to use specific underwriting manuals and one of these manuals stated: "in general anyone on parole or probation is not insurable until that status is completely released." *Id.* This evidence demonstrated the "presumptive policy was to deny coverage to persons on probation." *Id.* at 515. Thus, that court concluded the insured's probation status at the time of application was material because it "would certainly have affected the decision making related to acceptance of the risk." *Id.*

Mutual Life has not produced evidence of materiality. Instead, Mutual Life's rebuttal expert states, in the event of an applicant's "dramatic unexplained weight loss in so short a period any reasonable life insurance company would have postponed issuance of life insurance until a full medical workup was completed and a cause for the weight loss determined." ECF No. 20-8 at 5. Consequently, this Court cannot conclude Michael's misrepresentations were material as a matter of law.

**3. Section 12-207(2): Knowledge of the Correct Facts**

To show it is entitled to summary judgment as a matter of law under the second part of the Maryland statute, Mutual Life argues it would "not have issued the policy had [it] been made aware of the fact that Mr. Thomas had lost approximately 54 pounds in such a short amount of time and had a history of lung illnesses." ECF No. 20 ¶ 3.7.

In support of this argument, Mutual Life produces its expert rebuttal report. *Id. See also* ECF No. 20-8. Mutual Life does not provide specific references within the report that demonstrate it would not have issued the Policy had it known about Michael's weight loss or

"lung illnesses." *Id*. Instead, Mutual Life directs the Court to the report generally, stating, "*See*
Exhibit H, Expert Rebuttal Report by Wallace Taylor, GPM's Vice President and Corporate
Underwriting Officer." *Id.*

With respect to what Mutual life would have done "had it known" about Michael's
weight loss, Exhibit H states: "GPM would have postponed an offer for coverage pending full
explanation and diagnosis." ECF No. 20-8 at 5. This is insufficient to demonstrate if the correct
facts had been made known to Mutual Life, it would not have issued the Policy. Further, Mutual
Life's argument conflates Md. Ins. Code §§ 12-207(1) and 12-207(2). Sections 12-207(1) and (2)
are separated by the "or" operator. Meaning a movant may prevail on a motion for summary
judgment by demonstrating a misrepresentation was material or by demonstrating had it known
the correct facts, the insurance company would not have issued the policy.

Accordingly, Mutual Life's arguments are not sufficient to shift the burden to Thomas.
Even if the summary judgment burden shifted to Thomas, her expert witness report calls into
question whether Mutual Life knowingly deviated from industry standards and its own policies
and procedures in evaluating the application and issuing the Policy. ECF No. 23-3 at 8-9. Mutual
Life's Reply further confirms there are genuine disputes of material fact with respect to what
Mutual Life knew about Michael's weight and any medical treatments for respiratory illnesses
during the application and underwriting processes. ECF No. 24.

Determination of what Mutual Life knew about Michael's health when it issued the
policy, when it obtained the information, and whether it deviated from its own policies and
procedures are disputes of fact which require credibility determinations and weighing evidence.
*Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254–55. Thus, a jury must determine these

factual disputes, and Mutual Life is not entitled to summary judgment as a matter of law on this basis.

<strong>CONCLUSION</strong>

Mutual Life did not demonstrate materiality by uncontradicted or clear and convincing evidence. Mutual Life did not provide evidence that it would not have issued the Policy had it known about Michael's weight change or respiratory issues. Consequently, it did not meet its burden to show it is entitled to summary judgment as a matter of law. Accordingly, Government Personnel Mutual Life Insurance Company's Motion for Summary Judgment (ECF No. 20) is DENIED.

It is so ORDERED.

SIGNED this 5th day of June 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE